

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/10/14
```

# WILMERHALE

October 9, 2014

**David W. Bowker**

+1 202 663 6558 (t)
+1 202 663 6363 (f)
david.bowker@wilmerhale.com

The Honorable Victor Marrero
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

Re: *Alliance for Open Society International, Inc., et al. v. USAID, et al.*, 05 Civ. 8209 (VM)

Dear Judge Marrero:

This letter responds to the government's letter of October 3, 2014, responding to Plaintiffs' pre-motion letter of September 23, 2014.

As an initial matter, the government's letter does not dispute that the government has failed for more than a year to comply with the Supreme Court's order of June 20, 2013. Specifically, it does not dispute that—as stated in Plaintiffs' letter of September 23—"the Defendants have issued numerous requests for proposals ('RFPs'), requests for applications ('RFAs'), and other communications that are essentially unchanged from those that predated the Court's ruling." Plaintiffs' pre-motion letter identified specific examples and there are many more that Plaintiffs can cite in their motion for a permanent injunction.

The government responds that this issue is "moot" in light of the Defendants' new "guidance" that U.S. organizations are "not required to have a policy explicitly opposing prostitution," but this just restates the law as the Supreme Court articulated it more than a year ago. The "guidance" does nothing at all to stop the Defendants from continuing to flout the Supreme Court's order. As a legal matter, the Defendants' "guidance" is simply irrelevant; it does not have the force of law and merely provides, by its own terms, the government's latest "policy" choice. 79 Fed. Reg. 55,367 (Sept. 16, 2014) (referring to the guidance as "HHS policy"); USAID Acquisition and Assistance Policy Directive 14-04 (Sept. 12, 2014) (referring to the guidance as USAID's "policy directive"). The Defendants remain free to ignore, revoke, or revise their own policy guidance as they see fit, which they have already done on multiple occasions in an effort to avoid judicial scrutiny during the past 8 years of litigation. Indeed, HHS's latest policy guidance admits as much, stating that it is "currently developing an[other] amendment," which it promises will finally "ensure consistency with the [Supreme Court's] decision." 79 Fed. Reg. 55,367. Whatever "policy" or "guidance" the government may decide to issue (or not) at some unspecified future time, the unfortunate reality is that the Defendants have continued to violate the Supreme Court's order and must now be made to comply with it.

The government's letter represents that the Defendants are now in compliance with the Court's order, but this is untrue and all indications are that the Defendants cannot be expected to comply without this Court's intervention. After the issuance of the guidance and after receiving the

Wilmer Cutler Pickering Hale and Dorr LLP, 1875 Pennsylvania Avenue NW, Washington, DC 20006
Beijing   Berlin   Boston   Brussels   Denver   Frankfurt   London   Los Angeles   New York   Oxford   Palo Alto   Waltham   Washington

WILMERHALE

Hon. Victor Marrero
October 9, 2014
Page 2

government's letter on October 3, we again visited the government's website (www.grant.gov) to review the Defendants' current funding opportunities, and what we found were further violations of the Supreme Court's order. Indeed, the very first USAID example we located contains precisely the same unconstitutional language as before, and that language has never been updated since the Supreme Court issued its order more than fifteen months ago. *See* Exhibit D, USAID, Grants Notice APS-OAA-12-000007 (closing date: TBD), *available at* http://www.grants.gov/search-grants.html?funding Categories%3DHL%7CHealth ("by accepting this award ... a non-governmental organization ... awardee ... agrees that it is opposed to the practices of prostitution") (last visited on October 9, 2014); *see also, e.g.*, USAID Grants Notice APS-OAA-14-000076, available at http://www.grants.gov/web/grants/search-grants.html?keywords =APS-OAA-14-000076 (same) (last visited October 9, 2014). This is disappointing, but part of a clear pattern. To the extent the government's guidance prohibits such communications, it has been ineffective. And it is no excuse that the guidance was issued only weeks ago; the Supreme Court struck down the Policy Requirement more than fifteen months ago. Any grace period for compliance expired long ago.

The government contends that there should be no consequence of disobeying the Supreme Court because "plaintiffs have alleged no harm," but this is a frivolous argument. Harm to litigants is self-apparent when the government flouts a court order and continues to apply a law that has been held by three different courts to violate the litigants' First Amendment rights. Plaintiffs and others obviously suffer harm when the government loses in litigation and then behaves as if it has prevailed, continuing to impose—or appearing ready to impose—an unconstitutional condition on federal funding. The government's behavior has caused further harm by creating confusion, uncertainty, and fear among Plaintiffs and others regarding the government's intentions with respect to the Policy Requirement. Moreover, this Court has already held that Plaintiffs are irreparably harmed by the imposition of the Policy Requirement, *AOSI v. USAID*, 430 F. Supp. 2d 222, 278 (S.D.N.Y. 2006), and Defendants did not contest that finding on appeal, *see AOSI v. USAID*, 651 F.3d 218, 230 (2d Cir. 2011); that issue is now settled. It is unjust that Plaintiffs should be made to pursue further litigation to enforce a decisive victory in the Supreme Court; at the very least, the government should be permanently enjoined from any further imposition of the Policy Requirement and ordered to pay for Plaintiffs' time and expense in obtaining a permanent injunction.

Finally, the government complains that Plaintiffs seek to expand the scope of the Court's order to protect the rights of foreign organizations, but this mischaracterizes Plaintiffs' argument regarding an issue the government already litigated and lost in the Supreme Court. Plaintiffs do not seek to protect the rights of foreign organizations; rather, as explained in Plaintiffs' pre-motion letter, Plaintiffs seek only to protect and enforce the First Amendment rights of U.S. organizations by ensuring that the government be made to comply with the Supreme Court's order. This means not only that the Policy Requirement cannot be directly imposed on U.S.

WILMERHALE

Hon. Victor Marrero
October 9, 2014
Page 3

organizations, but also that the Policy Requirement cannot be imposed in any other way that violates U.S. organizations' freedom of speech. Specifically, as the Supreme Court said, it means that the Policy Requirement cannot be imposed on organizations that are "clearly identified" with U.S. organizations because doing so would make it impossible for the affiliated U.S. organization to express a contrary view—or remain silent—without paying "the price of evident hypocrisy." This explains why the Supreme Court already explicitly considered and rejected Defendants' suggestion that the Policy Requirement could be saved by "cabining" it to the foreign affiliates of U.S. organizations.

Oddly, the government ignores the Supreme Court's explanation that U.S. organizations cannot be made to pay the price of "evident hypocrisy" and relies instead on the Second Circuit's decision in *Planned Parenthood Federation v. USAID*, 915 F.2d 59 (2d Cir. 1990). But that case has nothing to do with compelled speech or foreign affiliates that are "clearly identified" with U.S. organizations. In any event, nothing in that decision could possibly justify the government's open defiance of a Supreme Court order in this case.

For the foregoing reasons, Plaintiffs are entitled to a permanent injunction and any other relief the Court deems appropriate.

Respectfully submitted,

David W. Bowker

cc:　　Ben Torrance, esq.

---

The Court will consider evidence and arguments at a hearing on this matter on 10-16-14 at 9:30 a.m. At that time the Court will determine whether further proceedings or briefing is necessary.

SO ORDERED:
10-10-14
DATE　　　　VICTOR MARRERO, U.S.D.J.