

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*



*86 Chambers Street*
*New York, New York 10007*

By hand

October 30, 2014

The Honorable Victor Marrero
United States District Judge
United States District Court
500 Pearl Street
New York, New York 10007

Re: *Alliance for Open Society International, Inc. v. United States Agency for International Development*, 05 Civ. 8209 (VM)

Dear Judge Marrero:

This Office represents the defendants, the United States Agency for International Development and the Department of Health and Human Services (the "government"), in the above-named action. We write respectfully in response to the Court's direction to submit supporting materials regarding the plaintiffs' proposed motion for a permanent injunction.

Enclosed are the following documents:

− Exhibit A: A declaration from the Deputy General Counsel of USAID. The declaration reaffirms that USAID has not enforced § 7631(f) against the beneficiaries of this Court's injunctions since they were entered. The declaration also explains that the government and plaintiffs agreed that the government would implement the injunctions by inserting standard language in funding award documents, stating that the enforcement of the relevant clause was subject to the injunctions. The negotiated agreement, however, did not require this language to be inserted in solicitations seeking applications for funding, but only in the legally binding award documents. The solicitations included links to a USAID website where, at all times since the Supreme Court's decision (and for several years before that), applicants could review the applicable language, including the language used to implement the injunction. USAID received no objections from plaintiffs to this agreed-upon process.[1]

---

[1] Because plaintiffs' pre-motion letters refer only to USAID documents, and because they conceded at the recent conference that HHS's September 2014 guidance regarding the non-applicability of § 7631(f) to U.S.-based organizations is sufficient to satisfy them (although they dispute the applicability to foreign organizations), the government has not submitted declarations from other agencies. As noted below, however, if this Court is considering issuing the injunction plaintiffs seek, the government believes that full submissions are required, and will assess the

Hon. Victor Marrero                                                                                                         page 2
October 30, 2014

- Exhibit B: An exchange of letters between the parties in 2009. At that time, plaintiffs noted that an award document issued by USAID erroneously omitted the standard footnote specifying that the terms of the agreement are subject to this Court's injunction. USAID promptly agreed to remedy the issue, and there were no further communications on that matter to our knowledge. As stated in the declaration described above, this is the only instance in which it was brought to the agency's attention that it had omitted the standard language regarding the injunction; had other examples been discovered, they too would have been promptly corrected.

- Exhibit C: An exchange of letters between the parties in 2010. Plaintiffs expressed concern about a solicitation from the Centers for Disease Control and Prevention. The government, observing that the Court's injunctions reached cooperative agreements, grants, and contracts, but not solicitations, disputed the allegation that the CDC had violated the Court's orders. Nevertheless, without conceding any such violation, the government agreed to take certain steps "in the spirit of cooperation." Again, there were no further communications on this matter, or similar complaints from the plaintiffs to this Office in the interceding four years.

    Now as in 2010, the Court's injunctions do not govern solicitations, and there can be no violation of those injunctions by any failure to include language regarding the effect of this litigation on the applicability of § 7631(f). Moreover, at no point did either HHS (including CDC) or USAID take any action to actually enforce the statute against any organization protected by the injunctions—nor have plaintiffs alleged that any agency did so.

- Exhibit D: Guidance published in September 2014 by HHS, at 79 Fed. Reg. 55,367 (Sept. 16, 2014), and by USAID, Acquisition and Assistance Policy Directive 14-04, at 9-10, 13, 19 (Sept. 12, 2014), available at http://www.usaid.gov/sites/default/files/documents/1868/aapd14_04.pdf. Both guidance documents make clear beyond doubt that the agencies will not enforce § 7631(f) against U.S.-based organizations.

    The HHS guidance states, "U.S. organizations that are prime recipients or subrecipients of Leadership Act HIV/AIDS funds are not required to have a policy explicitly opposing prostitution and sex trafficking." Plaintiffs have conceded that this is sufficiently clear to comply with the Court's injunctions and the Supreme Court's decision (except regarding the issue of foreign organizations). Tr. Oct. 16, 2014, conf. at 22.

    The USAID guidance is equally clear, stating (in language to be inserted into award documents) that "U.S. non-governmental organization recipients/subrecipients and contractors/subcontractors" "are exempt" from the requirement of agreeing to oppose the practices of prostitution and sex trafficking. Reiterating the point, the USAID guidance states, "Consistent with the Supreme Court's decision, the requirement to have a specific policy as stated in [§ 7631(f)] no longer applies to U.S. organizations." AAPD 14-04, at 22.

- Exhibit E: Excerpts of examples of solicitations and awards from various other

---

need for more declarations upon receiving plaintiffs' motion papers setting forth their current position in detail.

       –   government components following the Supreme Court's decision, plainly indicating that these components are not applying § 7631(f) to U.S.-based organizations. *E.g.*, National Institutes of Health, Funding Opportunity Announcement PA-14-024, sec. VI.2 (Dec. 10, 2013) (agreement to oppose prostitution and sex trafficking is "additional requirement[]" applicable only to foreign organizations); Centers for Disease Control and Prevention, Funding Opportunity Announcement CDC-RFA-GH15-1524, at 31 (Sept. 11, 2014) (same).

       –   Exhibit F: Press releases issued by plaintiffs—including Pathfinder; InterAction; InterAction members Population Action International, Center for Health and Gender Equity, and American Jewish World Service; and Open Society Foundations (affiliated with AOSI)—demonstrating that they are, and have been, aware that the Supreme Court's decision means that U.S.-based organizations do not have to comply with § 7631(f).

    Finally, if the Court is considering entering the injunction plaintiffs seek, we respectfully but strongly request that the Court require a motion and full briefing. *See* Fed. R. Civ. P. 7(a)(1) ("A request for a court order must be made by motion."); Local Civil Rule 7.1. There are numerous factual and legal issues that have not been addressed at any stage of this litigation that are implicated by plaintiffs' pre-motion letters, including the proper standard under the First Amendment in the context of a funding program where a condition is alleged to chill participation in that program, the applicability of constitutional rights to foreign organizations even when affiliated with U.S. organizations, the degree of affiliation that exists in fact, and many others. Indeed, in the wake of plaintiffs' concessions and other statements at the recent conference, the scope of their claim is unclear. Additionally, the parties must be afforded an opportunity to respond to each other's submissions provided to the Court today.

    Thank you for your consideration. We respectfully request that this letter be docketed.

                                    Respectfully,

                                    PREET BHARARA
                                    United States Attorney

By: *[signature]*

                                    BENJAMIN H. TORRANCE
                                    Assistant United States Attorney
                                    Telephone: 212.637.2703
                                    Fax: 212.637.2702
                                    E-mail: benjamin.torrance@usdoj.gov

cc: David Bowker, Esq. (by email w/o attachments; by mail w/attachments)

---

The Clerk of Court is directed to enter into the public record of this action the letter above submitted to the Court by *the Government*.

**SO ORDERED.**

10-31-14           *[signature]*
DATE                 VICTOR MARRERO, U.S.D.J.