UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

————————————————————————— x

ALLIANCE FOR OPEN SOCIETY
INTERNATIONAL, INC., et al.

        Plaintiffs,                    05 Civ. 8209 (VM)

       v.

UNITED STATES AGENCY FOR
INTERNATIONAL DEVELOPMENT et al.,

————————————————————————— x

## Government's Memorandum of Law in Support of Its Emergency Motion for Temporary Administrative Stay

PREET BHARARA
United States Attorney for the
Southern District of New York
86 Chambers Street
New York, New York 10007
Telephone: 212.637.2703
Fax: 212.637.2702
E-mail: benjamin.torrance@usdoj.gov

BENJAMIN H. TORRANCE
Assistant United States Attorney

    – Of Counsel –

Defendants the United States Agency for International Development and the Department of Health and Human Services (the "government") respectfully submit this memorandum in support of their emergency motion for a temporary administrative stay of the Court's January 30, 2015, permanent injunction (the "Order"). The government moves for a 14-day administrative stay to allow the government time to seek reconsideration or clarification of aspects of that Order, together with the Solicitor General's consideration of whether to appeal the injunction and seek a stay pending appeal. Counsel for plaintiffs has consented to this motion.

This Court ruled that, under *Alliance for Open Society International, Inc. v. U.S. Agency for International Development,* 133 S. Ct. 2321 (2013), defendants are barred "from requiring the Plaintiffs or any of their affiliates—foreign or domestic—to comply with the Policy Requirement." Order 10. The court permanently enjoined the government "from applying the Policy Requirement to Plaintiffs or their domestic and foreign affiliates." Order 15-16. Currently, however, the government has no readily available means to identify the domestic or foreign affiliates of the plaintiffs that would be the subject of the injunction. Plaintiffs have not provided any list of organizations or identified the nature of their relationship to plaintiffs; the Court has not identified which affiliates are governed by its ruling; and the government has not developed criteria for identifying affiliated organizations and does not have a comprehensive list of organizations that may satisfy such criteria or any simple means of identifying such organizations. These issues create uncertainties about the scope and implementation of the order going beyond the underlying merits.

In addition, although the Order does not enjoin the government from enforcing the Policy Requirement against foreign organizations that are not affiliates of plaintiffs—relief that plaintiffs did not seek—the government is ordered to show cause why it should not be

barred from doing so. It is unclear on what legal basis the government would have an obligation to disprove that the application of the Policy Requirement to a non-party foreign organization is unconstitutional. It is the plaintiffs' burden to demonstrate that the policy is unconstitutional with respect to such organizations and that they have a basis for asserting the interests of such organizations.

The government thus intends to seek reconsideration and/or clarification of the Court's order.  The government respectfully requests that the Court grant the government's motion, to which plaintiffs consent, for a temporary, 14-day administrative stay to permit the filing of such a motion.

## A.  Background

This Court issued its Order following a pre-motion conference in anticipation of a motion for injunctive relief, which was never filed. In plaintiffs' submissions to the Court, they indicated that they would seek a permanent injunction that, in relevant part, would prohibit the government from enforcing the Policy Requirement against a foreign affiliate that was "clearly identified" with U.S.-based organizations. *See, e.g.,* 9/23/14 Letter from D. Bowker, at 3; 10/30/14 Letter from D. Bowker, at 1 ("Plaintiffs seek a permanent injunction that enjoins . . . the Defendants' application of the Policy Requirement to foreign affiliates 'clearly identified' with Plaintiffs or other U.S. organizations.").

This Court's Order permanently enjoins the government "from applying the Policy Requirements to Plaintiffs or their domestic and foreign affiliates." Order 15-16. The Order also orders the government to "show cause why this Court should not bar it from enforcing the Policy Requirement against any organization and why allowing the government to continue to apply the Policy Requirement would not violate the Supreme Court's decision in this matter." Order 16.

## B. Relief Requested

Courts consider four factors when determining whether to grant a stay pending appeal: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *In re World Trade Ctr. Disaster Site Litig.*, 503 F.3d 167, 170 (2d Cir. 2007) (footnote omitted). "[T]he degree to which a factor must be present varies with the strength of the other factors"; "more of one factor excuses less of the other." *Id.* (quotation marks, alterations omitted). Moreover, "when a serious legal question is involved," the "movant need only present a substantial case on the merits . . . and show that the balance of the equities weighs heavily in favor of granting the stay." *LaRouche v. Kezer*, 20 F.3d 68, 72-73 (2d Cir. 1994).

Under the Court's Order, the government is enjoined from enforcing the Policy Requirement against "domestic and foreign affiliates" of the plaintiffs. At this time, however, there is no identified list or grouping of the affiliates covered by the Court's Order. The plaintiffs never identified the specific affiliated organizations that it sought to have protected under an injunction, nor has this Court done so.  The Court has not identified any relevant factors to be used by the government to ascertain whether an organization is a "domestic and foreign affiliate" of a plaintiff organization. Nor has the government been given an opportunity to develop such criteria or assess plaintiffs' relationship with any organizations, and the government does not have ready access to the type of information that might be relevant to such a determination.  As noted, the government intends to seek reconsideration and/or clarification of this portion of the Court's Order, which is not clear as to its scope.

The district court also ordered the government to show cause why it should not be enjoined from enforcing the Policy Requirement against foreign organizations that are not affiliates of plaintiffs and other organizations that are not parties to this litigation. The government intends to seek clarification and/or reconsideration of the Court's order, which goes beyond the relief sought by the plaintiffs, relates to entities not before the Court, and improperly places the burden on the defendants to prove the constitutionality of certain applications of a federal statute.

Aside from these issues concerning the scope of the Order, there are significant issues of implementation raised by the Order. As explained further in the attached declaration from Susan Pascocello, Deputy General Counsel at USAID, USAID's implementation of § 7631(f) is communicated in guidance to agency staff in Acquisition and Assistance Policy Directives ("AAPDs") and the Automated Directives System, which would need to be updated. USAID's solicitations and award documents are issued by staff in all Missions around the world, and these guidance documents would need to be communicated to all such staff. HHS, similarly, would be required to issue notices to its staff around the world. USAID also communicates its implementation of § 7631(f) in training courses, some of which are available online, which would likewise need to be updated. The government also has a number of existing, ongoing awards that apply the policy requirement to certain organizations; to implement the Order, the government may have to amend these existing awards to comply with its terms. Furthermore, there could be costs and potentially dramatic programmatic repercussions if a group signed an agreement with the understanding that it did not need to comply with the Policy Requirement and then was later told it had to either accept the clause including that requirement or the government would need to terminate the award. This dynamic would occur if the Order were ultimately reversed on appeal; an organization that signed an agreement that did not include the

4

prostitution policy requirement could be faced with the midstream choice to either accept the clause or have its award terminated by the government. The government should not be required to take these steps immediately, in light of the numerous issues concerning the scope of the injunction and the possible occasion for reconsideration or clarification, as well as appeal.

Nor is it an answer to conclude that the government should simply discontinue all enforcement of the Policy Requirement against any organization worldwide—relief that is, significantly, beyond the scope of what the plaintiffs sought or the Court ordered. The harm to the government in those circumstances is evident. The Supreme Court has underscored that "'any time [the government] is enjoined by a court from effectuating statutes enacted by representatives of its people, it suffers a form of irreparable injury.'" *Maryland v. King*, 133 S. Ct. 1, 3 (2012) (Roberts, C.J., in chambers) (quoting *New Motor Vehicle Bd. v. Orrin W. Fox Co.*, 434 U.S. 1345, 1351 (1977) (Rehnquist, J., in chambers)); *see also, e.g., Coalition for Economic Equality v. Wilson*, 122 F.3d 718, 719 (9th Cir. 1997) ("it is clear that a state suffers irreparable injury whenever an enactment of its people or their representatives is enjoined"); *Bowen v. Kendrick*, 483 U.S. 1304, 1304 (1987) (Rehnquist, C.J., in chambers) ("In virtually all of these cases [in which a single district judge declares an Act of Congress unconstitutional] the Court has . . . granted a stay if requested to do so by the Government.").

These harms outweigh any minor harm to plaintiffs resulting from a brief stay of the Court's Order enjoining application of the Policy Requirement to their foreign affiliates.[1]

---

[1] Pursuant to *Alliance for Open Society,* the government has not enforced the Policy Requirement against domestic organizations, including domestic affiliates of the plaintiffs.

5

## C. Conclusion

The Court should grant a temporary administrative stay of 14 days to permit orderly consideration by defendants of a motion for reconsideration and/or clarification, and the Solicitor General's consideration of whether to authorize an appeal and a stay pending appeal.

Dated: New York, New York
February 4, 2015

Respectfully submitted,

PREET BHARARA
United States Attorney for the
Southern District of New York
Attorney for Defendants

By: /s/ Benjamin H. Torrance
BENJAMIN H. TORRANCE
Assistant United States Attorney
86 Chambers Street
New York, New York 10007
Telephone: 212.637.2703
Fax: 212.637.2702
E-mail: benjamin.torrance@usdoj.gov