UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- x
ALLIANCE FOR OPEN SOCIETY
INTERNATIONAL, INC., et al.,

              Plaintiffs,                    05 Civ. 8209 (VM)

      v.

UNITED STATES AGENCY FOR              **DECLARATION OF SUSAN**
INTERNATIONAL DEVELOPMENT, et al.,   **KELLER PASCOCELLO**

              Defendants.
-------------------------------------------------------------- x

      SUSAN KELLER PASCOCELLO, pursuant to 28 U.S.C. § 1746, declares the following:

      1.     I am Deputy General Counsel at the United States Agency for International Development ("USAID"). I have held that position since April 2012, and have been employed in the USAID General Counsel's office since December 2000. I have been involved in the above-captioned litigation since its inception. Accordingly, I am familiar with the injunctions issued by this Court, as well as the decisions of the United States Court of Appeals for the Second Circuit and the Supreme Court; I am also familiar with USAID's implementation of 22 U.S.C. § 7631(f), both now and in the past.

      2.     USAID would need time to implement the Court's January 30, 2015, permanent injunction (the "Order") in an orderly fashion. USAID's implementation of § 7631(f) is communicated in guidance to agency staff in Acquisition and Assistance Policy Directives ("AAPDs") and the Automated Directives System, which would need to be updated. USAID's solicitations and award documents are issued by staff in all our Missions around the world, and these guidance documents would need to be communicated to all such staff. USAID also communicates its implementation of § 7631(f) in training courses, some of which are available online, which would likewise need to be updated.

      3.     USAID also has a number of existing, ongoing awards that apply the policy

requirement to certain organizations; to implement the Order, USAID would have to amend these existing awards to comply with its terms.

4. Depending on the resolution of Order, and on whether it is reversed on appeal, USAID would have to repeat all the above changes, possibly multiple times. This could create confusion amongst USAID staff and the public. Moreover, it could create programmatic inefficiencies and costs. Given that contracting is done by staff all over the world, if the incorrect clauses were inadvertently included in an award there could be costs and potentially dramatic programmatic repercussions if a group signed an agreement with the understanding that it did not need to comply with the Policy Requirement and then was later told it had to either accept the clause including that requirement or the government would need to terminate the award. This same dynamic would occur if the Order were ultimately reversed on appeal; an organization who signed an agreement that did not include the prostitution policy requirement could be faced with the midstream choice to either accept the clause or have their award terminated by USAID.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: Washington, D.C.
February 4, 2015

/SUSAN KELLER PASCOCELLO
Deputy General Counsel, USAID